J-S55018-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: A.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.C. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 287 WDA 2019 |

Appeal from the Order Entered January 29, 2019
In the Court of Common Pleas of Butler County Civil Division at No(s):
M.D. No. 04-40311

BEFORE:    MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    FILED JULY 1, 2020

In this appeal, A.C. raises challenges under the Pennsylvania and United States Constitutions to the Court-Ordered Involuntary Treatment of Certain Sexually Violent Persons Statute ("Act 21"), 42 Pa.C.S.A. §§ 6401-6409. He has appealed from the order granting the Commonwealth's motion to review commitment and ordering that he is to remain committed to the Pennsylvania Sexual Responsibility and Treatment Program at Torrance State Hospital for an additional year. We affirm.

A.C. was adjudicated delinquent for multiple counts of involuntary deviate sexual intercourse and indecent assault. In December 2004, the trial court found by clear and convincing evidence that A.C. met the criteria for civil commitment pursuant to 42 Pa.C.S.A. § 6403 and ordered A.C. committed to

_____

[*] Retired Senior Judge assigned to the Superior Court.

involuntary treatment for one year. Every year since his involuntary commitment, the trial court has held annual review hearings. Following each hearing, the trial court has ordered an additional year of treatment.

In October 2018, the Commonwealth filed a motion to review commitment pursuant to 42 Pa.C.S.A. § 6358, and A.C. countered with a motion for a hearing for his release. Following a hearing in January 2019, the trial court concluded that A.C. "continue[d] to have serious difficulty controlling sexually violent behavior while committed for inpatient treatment due to a mental abnormality or personality disorder that makes him likely to engage in an act of sexual violence." Order, filed Jan. 29, 2019. It ordered A.C. to remain committed for a period of one year pursuant to 42 Pa.C.S.A. § 6404. Id. It denied A.C.'s motion for a hearing to release A.C. Id. A.C. filed a timely notice of appeal.

A.C. raises the following issue: "Whether Act 21 violates the Constitutions of Pennsylvania and the United States given the criminal nature of the statute after In Re: J.C., 1391 WDA 2017[,[1]] Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017)[,] and Commonwealth v. Butler, 173

_____

[1] A panel of this Court in In re J.C., held that Act 21 was punitive and unconstitutional. In re J.C., --- A.3d ----, 2020 WL 2463048, at *4 (Pa.Super. May 13, 2020) (en banc). This Court granted a petition for re-argument, and concluded that, in light of Commonwealth v. Butler, 226 A.3d 972 (Pa. 2020) ("Butler II"), and In re H.R., --- A.3d ----, 2020 WL 1542422 (Pa. filed Apr. 1, 2020), J.C.'s claim that Act 21 was unconstitutional was meritless. In re J.C., --- A.3d ----, 2020 WL 2463048, at *5.

A.3d 1212 (Pa. Super. 2017)[("Butler I"), reversed by --- A.3d ----, 2020 WL 1466299 (Pa. 2020)]." A.C.'s Br. at 2.

Act 21 "directs the court to order involuntary inpatient treatment for a sexually violent delinquent child ('SVDC') if it finds 'by clear and convincing evidence that the person has a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence.'" In re J.C., --- A.3d ----, 2020 WL 2463048, at *1 n.1 (quoting 42 Pa.C.S.A. § 6403(d)). A court reviews the involuntary inpatient treatment order annually and "may extend [it] indefinitely if the individual continues to meet the criteria for involuntary inpatient treatment." Id.

A.C. argues that Muniz and Butler I "compel the conclusion that Act 21 as applied to civil commitments of persons who have been later found to be subject to Act 21 are committed as an unconstitutional punitive sentence." A.C.'s Br. at 3. In Muniz, the Pennsylvania Supreme Court held that the registration requirements set forth in the Sexual Offender's Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, were punitive and their retroactive application violated the ex post facto clause of the Pennsylvania Constitution. Muniz, 164 A.3d at 1193. In Butler I, this Court held that the sexually violent predator ("SVP") requirements under SORNA were punitive and it violated an individual's due process rights to determine whether he or she was an SVP by applying the preponderance of the evidence standard. Butler I, 173 A.3d at 1218. However, the Pennsylvania Supreme

Court recently overruled our decision in Butler I, and held that the registration, notification, and counseling requirements imposed upon SVPs under SORNA are not punitive. Commonwealth v. Butler, 226 A.3d 972, 988-93 (Pa. 2020) ("Butler II"); see also In re J.C., --- A.3d ----, 2020 WL 2463048, at *5. A trial court may therefore determine whether an offender was an SVP by the preponderance of the evidence without violating due process principles. Butler II, 226 A.3d at 993.

The Pennsylvania Supreme Court also recently issued a decision in In re H.R., wherein it concluded that Act 21 was not punitive. In re H.R., --- A.3d ----, 2020 WL 1542422 (Pa. filed Apr. 1, 2020); see also In re J.C., --- A.3d ----, 2020 WL 2463048, at *5. The In re H.R. Court balanced the Mendoza-Martinez[2] factors, and concluded the factors tipped in favor of deeming the statute non-punitive. Id. at *10-14. The Court reasoned:

> Despite the fact that Act 21 imposes obvious affirmative disabilities or restraints upon SVDCs, our review of the remaining Mendoza-Martinez factors leads to the conclusion the statutory scheme is not punitive in intent or effect. Act 21 provides treatment to SVDCs rather than imposing restrictions that were historically considered punishment, and does not promote the typically punitive goals of deterrence and retribution. Furthermore, Act 21 protects the public from SVDCs, who have never been convicted of a crime, but are subject to the statutory restrictions because they are dangerously mentally ill. Lastly, Act 21, including the 2011 amendments, cannot be said to be excessive in light of the danger posed to the public by SVDCs. Based on all of the above, we conclude Act 21 does not constitute criminal punishment.

_____

[2] Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963).

- 4 -

In re H.R., 2020 WL 1542422, at *14.

This Court in In re J.C. reviewed the recent Supreme Court cases and concluded that, in light of the Pennsylvania Supreme Court decisions in Butler II and In re H.R., J.C.'s claim that Act 21 was unconstitutional failed. In re J.C., --- A.3d ----, 2020 WL 2463048, at *5. We similarly conclude that, in light of the Pennsylvania Supreme Court's decisions in Butler II and In re H.R., and our en banc Court's decision in In re J.C., Act 21 is constitutional and A.C.'s claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/1/2020