IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,                          :
                    Appellant         :
                                      :
        v.                            :    No. 177 C.D. 2021
                                      :
Indiana County District Attorney      :
Office                                :    Submitted:  October 10, 2023


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                FILED:  November 7, 2023

        Dwight Bowen, *pro se*, (Requester) appeals for review of the December 1,
2020 Order of the Court of Common Pleas of Indiana County (Trial Court)
dismissing Requester's appeal from two final determinations by the Pennsylvania
Office of Open Records (OOR), which denied a request for records from the Indiana
County District Attorney's Office (DAO) pursuant to the Right-to-Know Law
(RTKL).[1]  Requester argues that the Trial Court erred as a matter of law because he
was not represented by counsel in the matter, and that the DAO acted in bad faith
when responding to the request.  Upon review, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## I. Background

Requester, an inmate at State Correctional Institution (SCI)-Greene,[2] submitted a RTKL request to the DAO on September 1, 2020, seeking various records related to an identified criminal case.[3] Supplemental Reproduced Record (S.R.) at 55b. Without a response from the DAO, Requester filed an appeal with OOR on September 10, 2020, in which he alleged that the requests were deemed denied and argued for their disclosure. *Id.* OOR served the DAO with notice of the appeal, and invited both parties to supplement the record on both requests. *Id.* at 53b.

In response, the DAO submitted a September 28, 2020 written attestation from its Open Records Officer, which stated that the DAO was not aware of the request until it received OOR's appeal notice. *Id.* at 44b. The Open Records Officer further stated that she undertook a search of the documents when she learned of the request, and determined that most were "not within the [DAO's] possession, custody, or control." *Id.* The DAO's response also included a copy of the criminal complaint, an affidavit of probable cause, and information from the identified criminal case, which were described as the only responsive records in the DAO's possession. *See id.* at 45b-51b. Accepting the DAO's averments as true,[4] OOR determined that its

---

[2] At the time of the requests at issue in this matter, Requester was an inmate at SCI-Houtzdale. *See* Supplemental Reproduced Record (S.R.) at 52b. Requester was transferred to SCI-Greene following his September 18, 2020 third-degree murder conviction for the murder of his cellmate. *Id.* at 14b.

[3] Requester submitted a second request to the DAO on the same day, which formed the basis of a separate appeal to OOR. *See* S.R. at 52b. As Requester did not appeal from OOR's decision on that request to the Trial Court, we omit it from further discussion.

[4] OOR noted that, in the absence of any competent evidence that the agency acted in bad faith, the averments in the written attestation should be accepted as true. S.R. at 56b (citing *Sherry*
**(Footnote continued on next page…)**

response was not due until five days after it received notice of the request, and dismissed Requester's appeal as premature. *Id.* at 56b. OOR also noted that, since the DAO already disclosed what responsive records were available, the request "appear[ed] to be moot." *Id.* n.1.

Requester filed an appeal in the Trial Court from OOR's Final Determination on October 30, 2020. *See id.* at 58b. The Trial Court scheduled a hearing on the matter for December 1, 2020, to be held consecutively with Requester's sentencing hearing for his most recent murder conviction. *Id.* at 12b. According to the Trial Court, Requester refused to leave his cell to participate in either the sentencing hearing or his RTKL appeal hearing. *Id.* Thus, the Trial Court issued an order on the same day dismissing Requester's RTKL appeal. *Id.* at 3b.

On December 4, 2020, Requester notified the Trial Court of his intent to appeal from the dismissal of his case.[5] *Id.* at 5b. In a December 15, 2020 order, the Trial Court directed Requester to file a concise statement of errors complained of on

---

*v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011); *Moore v. Off. of Open Recs.*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010)).

[5] Requester filed a Notice of Appeal with the Supreme Court on December 4, 2020, with a copy sent to the Trial Court. *See* Original Record (O.R.), Item No. 4. On December 28, 2020, the Supreme Court's prothonotary wrote to Requester notifying him that the document was improperly filed, as appeals from local agency decisions in OOR matters are not in its jurisdiction. *See* O.R., Item No. 6. The prothonotary further informed Requester that the document would be forwarded to this Court's prothonotary for review. *Id.* However, there is no indication in our docket that the case was transferred to this Court.

The Notice of Appeal eventually submitted to this Court, filed on February 23, 2021, states that Requester sought an appeal from the Trial Court's January 19, 2021 order. *See* O.R., Item No. 12. As that order was simply an adoption of the one issued on December 1, 2020, dismissing Requester's appeal, it is not appealable. Although this Court did not receive a Notice of Appeal until more than two months after the Trial Court dismissed Requester's appeal of OOR's decision, we shall deem his appeal timely filed on December 4, 2020, pursuant to Pa.R.A.P. 751(a) (providing that an appeal erroneously brought in a court lacking jurisdiction shall be transferred to the proper court and treated "as if originally filed . . . on the date first filed" in the previous court).

3

appeal, pursuant to Pa.R.A.P. 1925(b), within 21 days.[6] *See id.* at 4b. When that period passed without a response from Requester, the Trial Court filed an order on January 19, 2021, stating that it adopted the December 1, 2020 Order as its memorandum opinion pursuant to Pa.R.A.P. 1925(a).[7] O.R., Item No. 7.

Requester submitted an untimely Rule 1925(b) statement on February 5, 2021. *See* S.R. at 6b-7b. Therein, Requester made a wide range of allegations and arguments, none of which addressed the issue of the statement's belated filing. *Id.* Because Requester failed to comply with the Trial Court's order in a timely manner, this Court directed the parties to "address whether [Requester] waived all issues on appeal in their principal briefs on the merits or in an appropriate motion" in a May 24, 2021 order. *See id.* at 15b.

On April 8, 2021, the Trial Court submitted a revised Rule 1925(a) opinion. *See id.* at 10b-14b. The Trial Court explained therein that it would not discuss the merits of the arguments contained in Requester's untimely 1925(b) statement, as all appeal issues were deemed waived. *Id.* at 13b. Regarding its December 1, 2020 order, the Trial Court explained that, due "to [Requester's] refusal to appear and waiver of his right to be present and heard" at his RTKL appeal hearing, "there was no competent or credible evidence that the [DAO] acted in bad faith." *Id.* at 14b. The Trial Court also noted an allegation by Requester "that he did not receive the

---

[6] Pa.R.A.P. 1925(b) provides that, if the judge entering the order giving rise to a notice of appeal desires clarification of the errors complained of on appeal, the judge "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal."

[7] Pa.R.A.P. 1925(a) provides that, upon the receipt of a notice of appeal, "the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order."

Rule 1925(b) [o]rder," but found Requester "without any credibility" as to that claim.[8] *Id.*

## II. Issues

On appeal,[9] Requester argues that the Trial Court erred as a matter of law when dismissing his RTKL appeal because he was not represented by counsel in the matter. Furthermore, Requester argues that the Trial Court erred by granting undue deference to the DAO and its Open Records Officer in spite of what Requester views as proof of bad faith on their part.

## III. Discussion

Rule 1925(b) provides that, if the judge entering the order which gives rise to an appeal desires clarification of the errors complained of on appeal, "the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). Rule 1925(b)(3) provides that the judge's order shall specify: (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the statement; (ii) that the statement shall be filed of record; (iii) that the statement shall be served on the judge, and both the place the appellant can serve the statement in person, and the address to which the appellant can mail the statement, and (iv) that any issue not properly included in the statement timely filed and served shall be deemed waived. Pa.R.A.P. 1925(b)(3).

---

[8] It is not clear from the record where, or when, Requester made this claim.

[9] Our standard of review from a decision of a trial court in a case under the RTKL is limited to determining whether findings of fact are supported by substantial evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision. *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011). The scope of our review is plenary. *Allegheny Cnty. Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1029 n.3 (Pa. Cmwlth. 2011).

It is well settled that Rule 1925(b) sets out "a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). Indeed, the courts "lack the authority to countenance deviations from the Rule's terms." *Id*. This Court has repeatedly held that the failure to timely file a Rule 1925(b) statement results in the waiver of all issues on appeal. *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1289 (Pa. Cmwlth. 2006); *Mayor, Town Council of Borough of Chambersburg v. Keeler*, 85 A.3d 603, 605 (Pa. Cmwlth. 2014).

Instantly, the Trial Court issued an order on December 15, 2020, in which it directed Appellant to file a concise statement of errors complained of on appeal within 21 days, pursuant to Rule 1925(b). This Court subsequently issued an order directing Requester to address the question of whether he waived all issues on appeal by failing to comply with the Trial Court's Rule 1925(b) order. Requester failed to comply with our order as well. While courts have occasionally allowed appeals where an appellant has substantially, but imperfectly, complied with a Rule 1925(b) order,[10] Requester does not even attempt to explain why such an exception is warranted here. As a result, we conclude that Requester's failure to file a Rule 1925(b) statement constitutes his waiver of all issues on appeal.[11]

---

[10] Substantial compliance is the equitable doctrine that allows a court "to overlook a procedural defect that does not prejudice a party's rights." *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1008 (Pa. 2010) (plurality op.). *See*, *e.g.*, *Commonwealth v. Matsinger*, 68 A.3d 390, 396 (Pa. Cmwlth. 2013) (holding that failure to serve trial court judge with copy of Rule 1925(b) statement, where *pro se* litigant instead requested that this Court forward a copy to the trial court judge, did not result in waiver of issues).

[11] Even if Requester were entitled to an exception to Rule 1925(b)'s bright-line rule, his arguments on appeal are without merit. Requester had no right to representation by counsel during **(Footnote continued on next page…)**

## IV. Conclusion

For the foregoing reasons, we affirm the Trial Court.

_____
ELLEN CEISLER, Judge

RTKL proceedings. *See V.S. v. Dep't of Pub. Welfare*, 131 A.3d 523, 529 (Pa. Cmwlth. 2015) (explaining that "there is no right to counsel in civil cases"). In addition, Requester's allegation that the DAO and its Open Records Officer acted in bad faith amounts to little more than a bald assertion, with no supporting evidence in the record. *See In re Melamed*, 287 A.3d 491, 495 n.6 (Pa. Cmwlth. 2022) (noting that where "no evidence has been presented to show" that an agency acted in bad faith, the averments in its affidavits "should be accepted as true").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen, : 
               Appellant : 
                : 
      v. : No. 177 C.D. 2021
                : 
Indiana County District Attorney : 
Office : 

# **O R D E R**

AND NOW, this 7th day of November, 2023, the order of the Court of Common Pleas of Indiana County in the above-captioned matter, dated December 1, 2020, is hereby AFFIRMED.

                                  _____
                                  ELLEN CEISLER, Judge