IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Douglas A. Dietrich, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 862 C.D. 2022 |
| | : | Submitted: October 8, 2024 |
| Department of Agriculture | : | |
| (Office of Open Records), | : | |
| | : | |
| Respondent | : | |


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION BY JUDGE WOJCIK                    FILED:  December 24, 2024

Douglas A. Dietrich (Dietrich), acting *pro se*, petitions for review from a final determination of the Office of Open Records (OOR), denying his appeal from the Department of Agriculture's (Department of Agriculture or Department) refusal to produce information Dietrich requested pursuant to the Right-to-Know Law (RTK Law or Law).[1]  For the reasons that follow, we reverse.

To provide background to this action, we take judicial notice of the adjudication and order of the Department of Agriculture, State Horse Racing Commission (SHRC) in *In Re: Appeal of Ruling No. 21017PN License Revocation*

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

*of Douglas Dietrich* (Docket No. RACINGPN-2021-NM-04, filed January 25, 2022).[2]

Dietrich was employed at Penn National Racecourse (Penn National) and was a licensed track employee. In January of 2021, the Board of Stewards of Penn National revoked Dietrich's license as a track employee based on the determination that Dietrich, who worked as an assistant starter, refused to allow himself or his vehicle to be searched. By order dated January 25, 2022, the SHRC affirmed the ruling in part, modifying and reducing the penalty issued by the Board of Stewards to a one-year suspension. Dietrich's appeal of the SHRC determination is currently pending before this Court. *See Dietrich v. State Horse Racing Commission* (Pa. Cmwlth., No. 156 C.D. 2022).

On March 24, 2022, Dietrich requested the following information from the Department of Agriculture:

> [A] copy of the [p]residing [o]fficer['·]s [p]roposed [a]djudication for [Dietrich] relating to 21017PN. This request is based on 7 Pa. Code §179.69(c)[3] [p]roposed adjudication of the presiding officer. The [p]residing [o]fficer['·]s [p]roposed [a]djudication being available after the final adjudication has been voted on by the [SHRC] on 25 January 2022 . . . .

---

[2] *See* Pa.R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[3] Section 179.69 of the SHRC Regulations, 7 Pa. Code §179.69, is titled "Proposed adjudication of the presiding officer." Subsection (c) of Section 179.69 states: "The proposed written adjudication and order shall not be made available to the parties, including [SHRC] counsel or intervenors until the [SHRC] has reviewed, considered and properly voted upon the adjudication under §179.70 (relating to [SHRC] decisions)."

The OOR is aware that I've asked for this information. The ruling on appeal was ["]Accordingly, the records responsive to Request 2 were exempt from the disclosure at the time of both the submission of the [r]equest and the issuance of the Department [of Agriculture's] response.["] This request is after the [SHRC] voted and ruled on the case and therefore according to 7 Pa. Code §179.69(c)[,] [the] [p]roposed adjudication of the presiding officer [] is available.[4]

Certified Record (C.R.), Exhibit 1 at 5.[5]

On April 28, 2022, the Department of Agriculture denied Dietrich's request for the proposed adjudication, asserting that it was exempt from disclosure

---

[4] Dietrich is referring to a prior determination of the OOR in *In the Matter of Douglas Dietrich v. Pennsylvania Department of Agriculture*, No. AP 2022-0317, 2022 Pa. O.O.R.D. LEXIS 838, also issued on March 24, 2022 (*Dietrich I*). That matter involved three requests made by Dietrich to the Department of Agriculture pursuant to the RTK Law. The second of Dietrich's requests sought information related to the hearing held before the SHRC including, *inter alia*, "[A] copy of the [h]earing [o]fficer[']s recommendations for the hearing [on August 25, 2021,] for [Dietrich] concerning the [SHRC's] rulings . . . ." *Id.* at *1. In other words, Dietrich sought a copy of the presiding officer's proposed adjudication. Citing to the SHRC's regulations, the OOR held:

[P]ursuant to 7 Pa. Code §179.69(c), the responsive proposed adjudication was not yet a public record at the time of either the submission of [the second request] or at the time the response was provided by [the Department of Agriculture]. . . . [T]he records responsive to [the second request] were exempt from disclosure at the time of both the submission of the [r]equest and the issuance of the [Department of Agriculture's] response.

*Id.* at *7-8. The OOR stated further, "since the responsive records are now accessible, nothing precludes the [Department of Agriculture] from providing the records to [Dietrich]." *Id.* at *9 n.9.

[5] Dietrich's RTK Law request does not appear in the Certified Record. We quote the language of the request as it was set forth in the Department of Agriculture's April 28, 2022, letter denying Dietrich's request for the proposed adjudication. The letter is found in the Certified Record, Exhibit 1 at 5.

3

pursuant to Section 708(b)(10)(i)(A) of the RTK Law, 65 P.S. §67.708(b)(10)(i)(A),[6] because it reflected the "internal, predecisional deliberations of an agency, its members, employees or officials . . . or any research, memos or documents used in the predecisional deliberations" of the Department of Agriculture. Department of Agriculture's Denial Letter, 4/28/2022, C.R., Exhibit 1 at 5. The Department also cited Section 179.70(a) of the SHRC regulations, 7 Pa. Code §179.70(a), which provides:

> (a) *Decisions.* The [SHRC] shall consider and vote upon a proposed adjudication and order at its public meeting in accordance with the voting provisions of the act and Chapter 173 (relating to [SHRC] operations and organization—temporary regulations) of the regulations. The final order and adjudication shall be based solely upon a review and consideration of the entire record and shall be supported by reliable, probative evidence contained in the record. The [SHRC] may adopt, modify or reject some or all of the proposed adjudication, remand all or part of the matter to the presiding officer for the taking of additional evidence or clarification of issues.

The Department reasoned that the proposed adjudication is a document containing proposed findings of fact and conclusions of law that the SHRC may use

---

[6] Section 708(b)(10)(i)(A) of the RTK Law states that the following is exempt from disclosure:

> The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

65 P.S. § 67.708(b)(10)(i)(A).

4

in its deliberations to arrive at a final adjudication and order. The SHRC emphasized that its final adjudication and order must be "based upon the [SHRC's] *own review and consideration of the record*, and [that] the [SHRC] may reject any part or all of the [p]residing [o]fficer's proposed adjudication." Department's Denial Letter, C.R., Exhibit 1 at 6 (emphasis in original). When the SHRC votes on the final adjudication, "that final adjudication and order becomes the final action of the [SHRC] which is served upon all the parties." *Id.* (citing Section 179.70(c) of the SHRC regulations, 7 Pa. Code §179.70(c), which provides that "[t]he final adjudication and order shall be served upon all parties and intervenors or their counsel personally, by regular United States mail or by certified mail by the Hearings and Appeals Docket Clerk").

The Department rejected Dietrich's argument that the proposed adjudication could be provided because a final adjudication had been issued by the SHRC. The Department viewed this assertion as a "misinterpretation of [S]ection 179.69, which must be read in conjunction with [Section 179.70 of the SHRC regulations]." C.R., Exhibit 1 at 6. The Department wrote:

> Section 179.69 provides that the proposed adjudication "**shall not be made available to the parties**," including [SHRC] counsel or intervenors until the [SHRC] has reviewed, considered and properly **voted upon the adjudication under §1790.70**." Under [S]ection 179.70, the only adjudication that is provided to the parties is the *final* adjudication, as set forth in subsection (c): "The final adjudication and order shall be served upon all parties and intervenors or their counsel personally, by regular United States mail or by certified mail by the Hearings and Appeals Docket Clerk." Reading these two sections together, it is clear that the "adjudication" referenced in [S]ection 179.69(c) refers to the final, voted-upon adjudication.

5

*Id.* (citations omitted ) (emphasis in original).

To the extent there is ambiguity as to whether the word "adjudication" as used in Section 179.69(c) of the regulations refers to the SHRC's proposed adjudication or its "final, voted-upon adjudication," the Department, without citation, noted that "courts have held that where the text of a regulation is ambiguous, courts should defer to the interpretation of the agency that promulgated the regulation unless the agency's interpretation is clearly erroneous." Department's Denial Letter, C.R., Exhibit 1, at 6. The Department further noted that it has always interpreted "adjudication" as used in Section 179.69(c) of the regulations to refer to the "final, voted-upon adjudication as the only adjudication that is provided parties after it has been voted upon by the Commission." *Id.*

Dietrich appealed to the OOR. Before the OOR, Dietrich submitted two position statements and cited to the OOR's prior decision in *Dietrich I* to support his argument that the proposed adjudication became available once the SHRC issued its final adjudication. In response, the Department of Agriculture submitted the attestation of Susan West, its Open Records Officer. Later, at the request of the OOR hearing officer, the Department submitted the attestation of Thomas Chuckas, Jr., Director of the SHRC's Bureau of Thoroughbred Horse Racing.

Citing Section 708(b)(10)(i)(A) of the RTK Law, the OOR observed that for the predecisional deliberation exemption to apply, three elements must be satisfied: 1) the records must be internal to a government agency; 2) the deliberations reflected must be predecisional, i.e., before a decision on an action; and 3) the contents must be deliberative in character, i.e., pertaining to the proposed action. OOR Determination, 6/1/2022, C.R., Exhibit 14 at 5 (citing *Kaplin v. Lower Merion Township*, 19 A.3d 1209, 1214 (Pa. Cmwlth. 2011)).

6

Based on Mr. Chuckas' attestation, the OOR held that the Department of Agriculture established that the proposed adjudication is internal because it was not shared with anyone outside the SHRC and the Department. Further, the OOR believed the Department showed that the proposed adjudication is predecisional because it was drafted before the final adjudication was issued. Finally, the OOR concluded that the Department had demonstrated that the proposed adjudication was deliberative, "as the [SHRC] reviewed the proposed adjudication in order to analyze the matter before it issued its final adjudication." OOR Determination, C.R., Exhibit 14 at 6.

The OOR also agreed with the Department's assertion that, when read as a whole, the SHRC regulations make the proposed adjudication confidential. The OOR was further persuaded by the Department's argument that the SHRC has always interpreted "adjudication" as the word is used in Section 179.69(c) of the regulations "to refer to the final, voted-upon adjudication as the only adjudication that is provided to the parties after it is voted upon by the [SHRC]." OOR Determination, C.R., Exhibit 14 at 7. Citing the case of *Tire Jockey Service, Inc. v. Department of Environmental Protection*, 915 A.2d 1165, 1187-88 (Pa. 2007), the OOR emphasized that an agency is entitled to deference in its interpretation of its own regulations; thus, the OOR deferred to the Department of Agriculture's argument that, pursuant to the SHRC regulations, only final adjudications are subject to access.

Accordingly, the OOR denied Dietrich's appeal and directed the Department to take no further action.

Dietrich now appeals to this Court.[7]  Dietrich's brief raises no fewer than 15 issues.  As distilled, the issue on appeal in the instant action is whether the SHRC's proposed adjudication is exempt from production under the RTK Law as a predecisional deliberation.[8]  In this regard, Dietrich argues that the Department's assertions that the proposed adjudication constitutes a predecisional deliberation holds no weight as the plain language of Section 179.69(c) of the regulations clearly allows access to the proposed adjudication once the SHRC has issued its final adjudication.

The Department counters by reiterating its arguments before the OOR; namely, that the proposed adjudication is not a "public record" because, pursuant to Section 708(b)(10)(i)(A) of the Law, it reflects the "internal, predecisional deliberations of an agency, its members, employees or officials . . . or any research, memos or other documents used in the predecisional deliberations."  The Department reasons that the SHRC's regulations should be interpreted to mean that when the Commission votes on a final adjudication, that final adjudication and order becomes the final action of the SHRC that is served on all the parties.  *See* Section 179.70 of the SHRC regulations.

The Department once again characterizes Dietrich's reading of Section 179.69 as a "misinterpretation," asserting that Section 179.69 and Section 179.70 of

---

[7] For appeals from determinations made by the OOR involving Commonwealth agencies, our standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[8] To the extent Dietrich argues the SHRC's failure to share the proposed adjudication resulted in improper *ex parte* communications; disputes the SHRC's modification of the proposed adjudication to reach its final determination; alleges violations of his due process rights and the Sunshine Act, 65 Pa.C.S. §§701-716; and asks this Court to refer individuals for criminal charges, we note that such matters are outside the scope of this appeal.

8

the regulations must be read "in conjunction." Department's Brief at 8. The Department contends that when these sections are read together, the reference to "adjudication" in Section 179.69(c) refers to the final, voted-upon adjudication. Further, the Department emphasizes that its interpretation of the regulation is "entitled to great weight and [should] not be overturned unless it is clearly erroneous." Department's Brief at 10 (quoting *Eagle Environmental II, L.P. v. Department of Environmental Protection*, 884 A.2d 867, 878 (Pa. 2005)).

We begin our analysis with a brief overview of the RTK Law. This Court has stated that the general objective of the RTK Law is "to empower citizens by affording them access to information concerning the activities of the government." *Feldman v. Pennsylvania Commission on Crime and Delinquency*, 208 A.3d 167, 171 (Pa. Cmwlth. 2019) (quoting *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012)). Courts should liberally construe the RTK Law to effectuate its purpose of promoting access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions. *Office of General Counsel v. Bumsted*, 247 A.3d 71, 76 (Pa. Cmwlth. 2021).

Under the RTK Law, "records are presumed to be public records, accessible for inspection and copying by anyone requesting them, and must be made available to a requester unless they fall within specific, enumerated exceptions or are privileged." *Feldman*, 27 A.3d at 171. The exceptions to disclosure of public records must be narrowly construed due to the RTK Law's remedial nature. *California Borough v. Rothey*, 185 A.3d 456, 465 (Pa. Cmwlth. 2018).

The RTK Law defines a public record as "[a] record . . . of a Commonwealth or local agency that: (1) is not exempt under [S]ection 708 [of the

9

RTK Law]; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." Section 102 of the RTK Law, 65 P.S. §67.102. Pursuant to Section 305 of the RTK Law, 65 P.S. §67.305, a record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record. Section 305 provides, however, that the presumption will not apply if "(1) the record is exempt under Section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." 65 P.S. §67.305. "The burden of proving that a record of a Commonwealth or local agency is exempt from public access shall be on the . . . agency by a preponderance of the evidence." Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1).

The Department contends that the document at issue is exempt as a predecisional deliberation pursuant to Section 708(b)(10)(i)(A) of the RTK Law. At first blush, this appears to be the case as the proposed adjudication is arguably internal to the SHRC, reflects deliberations made prior to the issuance of the final adjudication, and is deliberative in character. *See, e.g.*, *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 61 (Pa. Cmwlth. 2016). What the Department's argument ignores, however, is the language of Section 306 of the RTK Law, 65 P.S. §67.306, which states that "[n]othing *in* [*the RTK Law*] *shall supersede or modify the public* or nonpublic *nature of a record or document established in* Federal or State law, *regulation* or judicial order or decree." (emphasis supplied).

Pennsylvania courts recognize that "[s]tatutory construction rules apply equally to the interpretation of administrative regulations." *Wheeling-Pittsburgh Steel Corporation v. Department of Environmental Protection*, 979 A.2d 931, 937 (Pa. Cmwlth. 2009). The object of statutory construction is to ascertain and

10

effectuate the legislative intent. 1 Pa.C.S. §1921(a). "In pursuing that end, we are mindful a statute's plain language generally provides the best indication of legislative intent." *Honey v. Lycoming County Offices of Voter Services*, 312 A.3d 942, 948 (Pa. Cmwlth. 2024). In reading the plain language of a statute, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. §1903(a). Moreover, every statute shall be construed, if possible, to give effect to all of its provisions "so that no provision is 'mere surplusage.'" *Honey*, 312 A.3d at 948 (citing 1 Pa.C.S. §1921(a)). Although a court must listen attentively to what a statute says, we must also listen attentively to what it does not say. *Id.* "As a general rule courts do not have the power to ignore clear and unambiguous statutory language in pursuit of a statute's alleged or perceived purpose." *Department of Transportation v. Taylor*, 841 A.2d 108, 111-12 (Pa. 2004). "An ambiguity exists when language is subject to two or more reasonable interpretations and not merely because two conflicting interpretations may be suggested." *Tri-County Landfill, Inc. v. Pine Township Zoning Hearing Board*, 83 A.3d 488, 510 (Pa. Cmwlth. 2014). Finally, regardless of whether a statute is deemed ambiguous or not, "our rules of construction forbid a court from adopting an interpretation that will produce 'a result that is absurd, impossible of execution, or unreasonable.'" *Honey*, 312 A.3d at 949 (quoting 1 Pa.C.S. §1922(1)).

Based on our review of Section 179.69(c) of the SHRC's regulations, we believe that the SHRC is attempting to create ambiguity where there is none. Furthermore, we find no merit to the Department's assertions that Dietrich has "misinterpreted" Section 179.69(c).

Section 179.69(c) provides that "*the proposed written adjudication and order shall not be made available* to the parties, . . . *until* the [SHRC] has reviewed,

11

considered and properly voted upon the adjudication under § 179.70 . . . ." "Until," when used as a conjunction, means "up to the time that: up to such time as." Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/until (last visited December 23, 2024); *accord* Black's Law Dictionary 1540 (6th ed. 1990). Furthermore, Section 179.2 of the SHRC's regulations, 7 Pa. Code §179.2, defines the word "adjudication" as "[a]n order, decree, decision, determination or ruling by the [SHRC] affecting the personal or property rights, privileges, immunities, duties, liabilities or obligations of the parties to the proceeding in which the adjudication is made." Thus, the plain language of Section 179.69(c) reflects that the hearing examiner's proposed written adjudication and order is not available to the parties *up to such time as* the SHRC has issued the final, voted-upon adjudication. Contrary to the Department's assertions, Section 179.69 does not dictate that the hearing examiner's proposed adjudication is not available to the parties; rather, it reflects that the proposed adjudication is available after the final adjudication is issued. The Department's understanding of Section 179.69 is just the type of an unreasonable interpretation that the rules of statutory construction direct us to avoid.

Even when reading Section 179.69(c) in conjunction with Section 179.70, we are compelled to reach the same conclusion. Section 179.70(a) discusses the SHRC's consideration and vote upon the proposed adjudication and directs that the SHRC's final order and adjudication "shall be based solely upon review and consideration of the entire record and shall be supported by reliable, probative evidence in the record." Subsection (a) further indicates that the SHRC may adopt, modify, or reject some or all of the proposed adjudication or remand all or part of the matter to the presiding officer. Meanwhile, Section 179.70(c) of the regulations

12

directs how the SHRC's final adjudication and order should be served upon the parties. Reading the plain language of Section 179.70 in its totality, it is apparent that this section has nothing to do with the availability of a proposed adjudication for review after a final adjudication has been issued; rather, it discusses how the SHRC may utilize the proposed adjudication and ultimately how the final adjudication should be served.

Finally, under the circumstances, it is unnecessary for this Court to look to how the Department has interpreted the regulations in the past. While it is true that when a statute (or in this case regulation) is ambiguous, a court may ascertain the intention of the legislature by looking at, among other things, administrative interpretations of the statute, *Crown Castle NG East LLC v. Pennsylvania Public Utility Commission*, 234 A.3d 665, 688 (Pa. 2020), we need not do so in this case. As discussed above, there is no ambiguity in the regulations and, therefore, we need not defer to the SHRC's interpretation of them.

The Department has not met its burden to prove that the proposed adjudication is exempt from public access. Section 306 of the RTK Law informs that the Law shall not supersede or modify the public nature of a record or document established, *inter alia*, by regulation. We conclude that in the instant action, the plain and unambiguous language of Section 179.69(c) of the SHRC's regulations makes the hearing examiner's proposed adjudication available to the parties once the SHRC has reviewed, considered, and properly voted upon the adjudication as that word is defined in Section 179.2 of the SHRC's regulations.

Accordingly, the determination of the OOR is reversed.

_____
MICHAEL H. WOJCIK, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas A. Dietrich,                     :
                                         :
                    Petitioner           :
                                         :
          v.                             :   No. 862 C.D. 2022
                                         :
Department of Agriculture                :
(Office of Open Records),                :
                                         :
                    Respondent           :

O R D E R

AND NOW, this 24th day of December, 2024, the June 1, 2022, determination of the Office of Open Records, denying the appeal of Douglas A. Dietrich is REVERSED.

_____
MICHAEL H. WOJCIK, Judge