CITY OF ALLENTOWN, Appellant

v.

Denis V. BRENAN.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 2012.

Decided July 25, 2012.

Frances A. Fruhwirth, Assistant City Solicitor, Allentown, for appellant.

Denis V. Brenan, Allentown, pro se.

BEFORE: PELLEGRINI, Judge [1], and McCULLOUGH, Judge, and COVEY, Judge.

1. This case was assigned to the opinion writer before January 7, 2012, when Judge Pellegrini

OPINION BY Judge McCULLOUGH.

The City of Allentown (City) appeals from the June 24, 2011 order of the Court of Common Pleas of Lehigh County (trial court) affirming the final determination of the Pennsylvania Office of Open Records (OOR) that the October 25, 2010 order of United States Magistrate Judge Elizabeth Hey in a related federal case did not preclude disclosure of the records requested by Denis Brenan (Requester).[2] We affirm.

On June 4, 2008, Kathleen Kuhns, Joyce Mazalewski and Kathleen Teay (Plaintiffs) commenced a federal civil action in the United States District Court for the Eastern District of Pennsylvania against the City, the City's Chief of Police, Roger MacLean, the Allentown Women's Center, Inc. (Women's Center), and Jennifer Boulanger, executive director of the Women's Center (collectively Defendants) alleging that Defendants conspired to violate Plaintiffs' constitutional and statutory rights to communicate their religious and political anti-abortion messages to patients of the Women's Center.[3] (Reproduced Record (R.R.) at 36a, 65a.)

The parties engaged in extensive discovery, with Plaintiffs making numerous allegations that Defendants did not provide complete responses or produce certain requested documents. (R.R. at 11a–15a.) By order dated February 4, 2010, Judge Hey set a deadline of March 25, 2010, to complete discovery in the matter. (R.R. at 3a.) Nevertheless, the parties continued to engage in discovery beyond this deadline. (R.R. at 16a–26a, 55a.) On October 13, 2010, Requester, on behalf of Plaintiffs,

filed an informal discovery motion with Judge Hey seeking an order compelling Defendants to provide additional discovery in the nature of incident reports and meeting notes after March 25, 2010, as well as the imposition of sanctions against Defendants for their "discovery defaults and deficiencies." (R.R. at 9a–10a.)

By memorandum and order dated October 25, 2010, Judge Hey denied this motion. (R.R. at 35a–43a.) Judge Hey referenced the March 25, 2010 discovery deadline and concluded the Defendants had no obligation to provide discovery beyond this date. *Id.* Judge Hey also referenced Rule 26(e) of the Federal Rules of Civil Procedure but noted that this Rule only requires a party to supplement a discovery disclosure if the party learns that the disclosure or response was incomplete or incorrect. *Id.* Judge Hey rejected Plaintiffs' argument that Defendants' responses were incomplete and that Defendants were obligated to provide additional discovery because Plaintiffs had alleged ongoing misconduct, rather than a discrete past act. *Id.*

Shortly thereafter, on November 15, 2010, Requester filed a request with the City pursuant to the Right–to–Know Law (RTKL)[4], seeking the following records:

1. All records, including electronic records and e-mails, by and between various personnel of the City of Allentown pertaining to:

(a) the conduct of [Plaintiffs] on Keats Street, at or near Allentown Women's

---

became President Judge.

**2.** Requester is a licensed attorney in the Commonwealth and represents the plaintiffs in the related federal case.

**3.** *Kathleen Kuhns, Joyce Mazalewski and Kathleen Teay v. City of Allentown, Chief of*

*Police Roger MacLean, both individually and in his official capacity, Allentown Womens' Center, Inc. and Jennifer Boulanger,* Civil Action No. 08–2606 (E.D.Pa.2008).

**4.** Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

Center, during the period of June 1, 2010 to the present;

(b) the conduct of officers of the Allentown Police Department at or near the Allentown Women's Center from June 1, 2010 to the present;

(c) the conduct of personnel of the Allentown Women's Center from June 1, 2010 to the present;

2. Records provided to the City of Allentown or any of its personnel by the Allentown Women's Center and its directors or employees from June 1, 2010 to the present, inclusive;

3. Records of communications between the Office of the Mayor of the City of Allentown and the Allentown Women's Center;

4. Records of communications between the Allentown Mayor's Office or Allentown Women's Center, on the one hand, and the Allentown City Council or its members, on the other hand; and

5. All documents and writings, electronic or otherwise, from June 1, 2010 through the present and in the possession or control of the City of Allentown, its Mayor, Police Department, and/or other City officials and employees ("City"), concerning or relating to the Allentown Women's Center or Jennifer Boulanger ("AWC"), whether generated by the City and its Mayor, Police Department, etc., or by AWC, or Jennifer Boulanger, or anyone on behalf of AWC.

(R.R. at 45a–46a.)

By letter dated November 19, 2010, the City denied the request. (R.R. at 47a–48a.) The City reasoned that the records sought by Requester were exempt from disclosure by judicial order, namely Judge Hey's October 25, 2010 order, which de-

nied Requester's informal letter motion to compel supplemental discovery from Defendants. *Id.* The City noted that section 102 of the RTKL, 65 P.S. § 67.102, excludes from the definition of "public record" any record that is "exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree." *Id.* Requester appealed to OOR alleging that Judge Hey's October 25, 2010 order did not exempt the requested records from disclosure. (R.R. at 49a–50a.)

OOR invited both parties to supplement the record. By letter dated December 15, 2010, the City responded to OOR noting that Requester was co-counsel for Plaintiffs in the pending federal litigation, that the parties had engaged in extensive discovery in that matter, and that Judge Hey had denied Plaintiffs' request to compel additional discovery. (R.R. at 51a–53a.) The City also indicated that the information that Requester currently seeks is the same additional discovery materials that Plaintiffs sought in the federal matter. *Id.* The City contended that Judge Hey's order did not need to specifically exempt these materials and that Requester was attempting to use the RTKL to obtain materials which were prohibited by that order. *Id.* Additionally, the City attached to this letter an affidavit from Jerry Snyder, its solicitor, describing the procedural posture of the related federal litigation and alleging that, pursuant to Judge Hey's order, the City had no obligation to furnish supplemental discovery to Requester/Plaintiffs.[5] (R.R. at 54a–55a.)

On January 5, 2011, OOR issued a Final Determination granting Requester's appeal, concluding that Judge Hey's October 25, 2010 memorandum and order did not discuss or bar access to the records sought

5. The City also attached to this letter a copy of Judge Hey's October 25, 2010 memorandum and order.

by Requester in his RTKL request. (R.R. at 57a, 59a.) OOR noted that it "has consistently held that although records may be the subject of pending litigation, such a scenario does not automatically preclude a requester from making a right-to-know request for the records." (R.R. at 60a.) Instead, citing section 305 of the RTKL, 65 P.S. § 67.305, OOR stated that a record is only protected from access under the RTKL where a court order specifically exempts the record or expressly precludes its release. (R.R. at 61a.) OOR reiterated that Judge Hey's order does not prohibit Requester from seeking access to the records through the RTKL, does not prohibit Requester from contacting the City, and does not alter the public character of the records. (R.R. at 62a.) OOR stated that the records are presumed public unless protected by another provision or a section 708(b) exemption under the RTKL, which exemptions were not raised by the City. *Id.*

The City filed a petition for review with the trial court, alleging that OOR erred in concluding that Judge Hey's October 25, 2010 memorandum and order did not exempt the requested records from disclosure. (R.R. at 68a.) The trial court conducted a hearing on June 20, 2011, and four days later, on June 24, 2011, issued an order affirming OOR's final determination. (R.R. at 81 a–86 a.)

■ On appeal to this Court,[6] the City argues that the trial court erred in concluding that Judge Hey's October 25, 2010 order did not exempt the requested records from disclosure under the RTKL. The City also argues that the trial court erred in affirming OOR's rationale that, in order

to have preclusive effect in a RTKL action, a court's discovery order must specifically state that the records covered by the discovery order are exempt from production under the RTKL. We disagree.

■ Section 305 of the RTKL provides that "[a] record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record," but that the presumption does not apply if "(1) the record is exempt under section 708 of the RTKL; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." 65 P.S. § 67.305 (footnote omitted). Consistent with this language, section 102 of the RTKL specifically excludes from the definition of "public record" any record that is "exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree." 65 P.S. § 67.102.

Nevertheless, given that the RTKL is "remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions," we have previously stated that exemptions from disclosure must be "narrowly construed." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa.Cmwlth.2010), *appeal granted*, 609 Pa. 265, 15 A.3d 427 (2011).

In the course of its argument, the City contends that because of the constitutional principle of separation of powers, RTKL requests and discovery requests in pending litigation should not proceed concur-

---

6. This Court's scope of review from a decision of a trial court in a case under the RTKL is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of

law, or an abuse of discretion in reaching its decision." *Kaplin v. Lower Merion Township*, 19 A.3d 1209, 1213 n. 6 (Pa.Cmwlth.), *appeal denied*, 612 Pa. 693, 29 A.3d 798 (2011).

rently. Requester alleges that any issue concerning a separation of powers is not appropriately before this Court because the City first raised this issue during the hearing before the trial court and did not raise this argument in its original denial letter, in its response to Requester's appeal to OOR, or in its petition for review of OOR's final determination. The City responds that its separation of powers argument is implicit in its denial of Requester's RTKL request on the basis of Judge Hey's federal court order.

■ We agree with Requester that the City's separation of powers argument is an attempt to provide a new reason for its denial of Requester's RTKL request. We recently held in *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa.Cmwlth.2010), that section 903(2) of the RTKL, 65 P.S. § 67.903(2), requires that a denial of a right-to-know request include the specific reason for the denial and that an agency cannot assert, nor can a court consider, a different reason on appeal.[7] In the present case, the City denied Requester's request on the basis that the records sought were exempt from disclosure by judicial order and, hence, were not public records under section 102 of the RTKL. This is a specific statutory exemption which is not the same as a denial based upon a separation of powers argument.

■ Nevertheless, we disagree with the City that the exemption applies in the present case, because Judge Hey's October 25, 2010 order simply did not preclude disclosure of the requested records.[8] In fact, the record reflects that Judge Hey denied Plaintiffs' motion to compel additional discovery because it was untimely. As noted above, Judge Hey imposed a discovery deadline of March 25, 2010. Despite this deadline, the parties voluntarily engaged in discovery beyond this date, and Requester did not seek an order compelling Defendants to provide additional discovery until October 13, 2010. Judge Hey noted in her memorandum that by this time, the case was nearly ready for trial; United States District Judge James Knoll Gardner, who would be hearing the case, issued an order on October 14, 2010, requiring the parties to file their trial memoranda by October 28, 2010, and setting forth a trial date of November 29, 2010.[9] (R.R. at 37a.)

Judge Hey also noted that Rule 26(e) of the Federal Rules of Civil Procedure only requires a party to supplement a discovery disclosure if the party learns that the disclosure or response was incomplete or incorrect, and Plaintiffs had presented no authority requiring Defendants to provide continuing discovery based upon an allegation of ongoing misconduct. Thus, Judge

7. *See also Chester Community Charter School v. Hardy*, 38 A.3d 1079 (Pa.Cmwlth.2012) (holding that the charter school waived its right to address a reason for denying a right-to-know request which was not included in its original denial letter).

8. Moreover, the motive or intent of the requester is not a valid reason for denying a request. *Chester Community Charter School*. Section 302(b) of the RTKL prohibits a local agency from denying an RTKL request "due to the intended use of the public record by the requester...." 65 P.S. § 67.302(b). Further, OOR has previously held that the discovery

rules do not preclude a party to litigation from utilizing the RTKL to obtain access to a "public record." *See West St. Clair Township/Pleasantville Water Authority v. West St. Clair Township*, OOR Docket No. AP 2010–0465, 2010 WL 2801356 (June 25, 2010); *Scott Binsack, Sr. v. Lackawanna County, District Attorney*, OOR Docket No. AP 2010–0430, 2010 WL 2801327 (June 10, 2010).

9. Judge Gardner had earlier referred all discovery-related issues in the case to Judge Hey. (R.R. at 36a.)

Hey's October 25, 2010 order was premised solely upon the untimeliness of Plaintiffs' informal discovery motion and a lack of authority; Judge Hey never suggested that the additional discovery materials were precluded or protected from disclosure. In fact, Judge Hey's order denying the request for supplemental discovery makes no determination whatsoever which would impact the public character of the requested records. Rather, Judge Hey simply declined to order supplemental discovery.

In its brief to this Court, the City acknowledges a lack of Pennsylvania case law directly addressing this issue, and cites a Massachusetts case for support, *Commonwealth v. Fremont Investment & Loan,* 459 Mass. 209, 944 N.E.2d 1019 (2011). In *Fremont Investment & Loan,* an individual sought access under Massachusetts' public records law[10] to documents produced by Fremont Investment & Loan and Fremont General Corporation (together, Fremont) in the course of an enforcement action brought against Fremont by Massachusetts' attorney general. However, the documents sought were subject to a protective order in the enforcement action and the Supreme Judicial Court of Massachusetts ultimately affirmed the determination of a public records action judge dismissing the matter on the basis that the public records law did not abrogate judicial protective orders.

While the City stresses that Massachusetts' public records law did not expressly exempt these records from disclosure, whereas the RTKL here does, the fact that the records sought in *Fremont Investment & Loan* were specifically protected from disclosure by a judicial order renders that case entirely distinguishable from the case currently before this Court. We reiterate that Judge Hey's October 25, 2010

order did not state that the requested additional discovery was precluded or otherwise protected from disclosure. Lacking any determination in the order that the requested materials were protected from disclosure, the exemptions set forth in sections 102, 305, and 708 of the RTKL do not apply.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 25th day of July, 2012, the order of the Court of Common Pleas of Lehigh County, dated June 24, 2011, is hereby affirmed.