# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth Charter Academy    :
Charter School,                          :
                      Appellant      :
                                    :
             v.                :   No. 217 C.D. 2024
                                    :   Submitted: February 4, 2025
Susan Spicka and Education Voters  :
of PA                                :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge (P.)
                HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: March 11, 2025

Commonwealth Charter Academy Charter School (Appellant) appeals the Order of the Court of Common Pleas of Dauphin County (trial court), exited February 7, 2024, affirming the September 16, 2022 Final Determination of the Office of Open Records (OOR). OOR's Final Determination granted the appeal of Susan Spicka and Education Voters of PA (together, Requesters) from Appellant's denial in part of a request under the Right-to-Know Law (RTKL)[1] and ordered Appellant to produce the requested Community Class Registration Forms (CCR Forms), redacted of any identifying information. Upon review, we affirm the trial court's Order.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## I.    BACKGROUND

On May 23, 2023, Requesters submitted a request under the RTKL to Appellant, which sought:

> Copies of ALL "Community Class Registration Forms" for the 2019-2020 and 2020-2021 school year that were submitted to [Appellant] with the following UNREDACTED information:
>
> Course Title[;]
> Number of time[s] the class meets[;]
> Start date[;]
> Cost of the class[; and]
> Amount requesting for the reimbursement

(Request).  (Reproduced Record (R.R.) at 34a.)  Requesters sought copies of the CCR Forms, which allow parents and/or guardians of students enrolled with Appellant to request reimbursements for the instructional component of extracurricular classes taken in the community pursuant to Appellant's Community Class Reimbursement program.  (*Id.* at 50a.)  On June 30, 2022, Appellant denied in part the Request, contending the CCR Forms "are exempt from disclosure under [S]ection 708(b)(1), (6), and (15) of the RTKL[, 65 P.S. § 67.708(b)(1), (6), (15)]."[2]

---

[2] Section 708(b)(1), (6), and (15) of the RTKL provides:

(b) Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

   (1) A record, the disclosure of which:

      (i) would result in the loss of Federal or State funds by an agency or the Commonwealth; or

      (ii) would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual.

**(Footnote continued on next page…)**

2

(*Id.* at 32a.) Appellant also asserted any disclosure of the CCR Forms is subject to the federal Family Educational Rights and Privacy Act (FERPA),[3] related state law, and privacy rights under the Pennsylvania Constitution. (*Id.*) Nevertheless, Appellant provided Requesters aggregated data of the total reimbursements it paid

. . . .

(6)(i) The following personal identification information:

(A) A record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number.

(B) A spouse's name, marital status or beneficiary or dependent information.

(C) The home address of a law enforcement officer or judge.

(ii) Nothing in this paragraph shall preclude the release of the name, position, salary, actual compensation or other payments or expenses, employment contract, employment-related contract or agreement and length of service of a public official or an agency employee.

(iii) An agency may redact the name or other identifying information relating to an individual performing an undercover or covert law enforcement activity from a record.

. . . .

(15)(i) Academic transcripts.

(ii) Examinations, examination questions, scoring keys or answers to examinations. This subparagraph shall include licensing and other examinations relating to the qualifications of an individual and to examinations given in primary and secondary schools and institutions of higher education.

65 P.S. § 67.708(b)(1), (6), (15).

[3] 20 U.S.C. § 1232g. The regulations implementing FERPA are contained in the Family Educational Rights and Privacy Rules, 34 C.F.R. §§ 99.1-99.67 (2025).

under the Community Class Reimbursement program for the 2019-20 and 2020-21 school years. (*Id.*)

On July 21, 2022, Requesters appealed to OOR, challenging Appellant's denial in part of the Request. (*Id.* at 30a-31a.) On September 16, 2022, OOR issued the Final Determination granting Requesters' appeal and directing Appellant to provide the CCR Forms, redacted of any identifying information, to Requesters. (*Id.* at 15a-21a.) In the Final Determination, OOR agreed with Appellant that the CCR Forms are protected under FERPA because the CCR Forms are "education records that contain personally identifiable information [(PII)]." (*Id.* at 19a.) However, OOR explained that "FERPA regulations permit schools to release education records without consent when the records have been 'de-identified,' that is, when all [PII] has been removed." (*Id.* (citing 34 C.F.R. § 99.31(b)(1), and *Easton Area Sch. Dist. v. Miller*, 232 A.3d 716, 729-30 (Pa. 2020) (plurality opinion)).) Accordingly, OOR directed Appellant to provide the CCR Forms as requested, redacted of any identifying information, because "redacting the registration forms of any information not sought sufficiently de-identified the forms such that they may be released under FERPA." (*Id.* at 20a.) Finally, OOR stated that "with the redaction of [PII], there are no constitutional right to privacy concerns for [] OOR to address." (*Id.* at 20a.)

Thereafter, Appellant filed a petition for review of the Final Determination with the trial court, arguing OOR erred for two reasons. First, Appellant argued OOR erred by concluding Requesters' appeal met Section 1101(a)(1) of the RTKL, which states that an "appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request." (*Id.*

4

at 8a (quoting 65 P.S. § 67.1101(a)(1)).) Appellant contended that Requesters' appeal did not meet this statuary obligation because the "stock language" contained in the standard RTKL request form used by Requesters did not specify the particular defects in Appellant's stated reasons for denying the Request. (*Id.* 9a-10a (citing *Dep't of Corr. v. Off. of Open Recs.*, 18 A.3d 429, 434 (Pa. Cmwlth. 2011)).) Second, Appellant argued OOR erred by requiring Appellant to redact and disclose the CCR Forms because OOR concluded the CCR Forms are education records protected by FERPA. (*Id.* at 10a-11a.) Because the CCR Forms are protected from disclosure by FERPA, Appellant asserts the CCR Forms are not public records under the RTKL and, thus, exempt from disclosure under Sections 102 and 305(a) of the RTKL, 65 P.S. §§ 67.102, 67.305(a).[4] (*Id.*) For those reasons, Appellant requested the trial court reverse OOR's Final Determination.

On February 7, 2024, the trial court entered the Order affirming OOR's Final Determination. (*Id.* at 112a-113a.) In the Order, the trial court explained that it rejected Appellant's argument that, "even with redactions as directed by OOR, the identity of a student[ ]and[/]or their parent would be discoverable," and found Appellant's proposed production of an Excel spreadsheet instead of the CCR Forms

---

[4] Section 102 of the RTKL defines "public record" as "a record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under [S]ection 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." 65 P.S. § 67.102. Section 305(a) of the RTKL provides:

> A record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record. The presumption shall not apply if: (1) the record is exempt under [S]ection 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.

65 P.S. § 67.305(a).

5

did not adequately respond to the Request. (*Id.* at 112a.) In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925, Pa.R.A.P. 1925, the trial court further explained that it rejected Appellant's argument that, "because the requested forms are education records, they are not public records[] and are necessarily exempt from disclosure under FERPA and [Sections] 102 and []305(a) of the RTKL." (*Id.* at 124a.) The trial court reasoned that the Pennsylvania Supreme Court's decision in *Central Dauphin School District v. Hawkins*, 286 A.3d 726 (Pa. 2022), supported its conclusion. (*Id.*) The trial court explained that in *Central Dauphin*, the Supreme Court held that "classification of a record as an educational record under FERPA does not automatically render it exempt from disclosure under Section 102 and 305[](a) [of the RTKL]." (*Id.*) Rather, "[t]he redaction provisions of the RTKL and FERPA regulations apply to education records to contemplate redaction to remove '[PII].'" (*Id.*) Because in its view parent handwriting is not PII under FERPA regulations, as Appellant asserted, and all PII can be redacted from the CCR Forms, the trial court affirmed the Final Determination. (*Id.*)

Subsequently, Appellant appealed the trial court's Order to this Court and presents three arguments.[5] We address each in turn.

## II. DISCUSSION[6]

As an initial matter, "we note that the objective of the RTKL 'is to empower citizens by affording them access to information concerning the activities of their

---

[5] Appellant raises four issues on appeal in the statement of the question involved section of its brief. However, in the argument section of the brief, Appellant combines the first two issues, which relate to FERPA. To facilitate the Court's review, we likewise consolidate the first two issues presented by Appellant.

[6] Where a RTKL appeal is taken from a court of the common pleas, this Court's "review is limited to determining whether findings of fact are supported by substantial evidence, or whether the lower court committed an error of law or abuse of discretion in reaching its decision." *Gray v.*
**(Footnote continued on next page…)**

government.'" *McGowan v. Dep't of Env't Prot.*, 103 A.3d 374, 380 (Pa. Cmwlth. 2014) (quoting *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012)). As local agencies, Pennsylvania charter schools, such as Appellant, are "subject to the RTKL's public record access provisions [and] required to provide access to public records in accordance with its provisions." *See Cent. Dauphin*, 286 A.3d at 741; *see also* Sections 102 and 302 of the RTKL, 65 P.S. §§ 67.102, 67.302. Pursuant to Section 305(a) of the RTKL, "[a] record in the possession of a . . . local agency shall be presumed to be a public record" unless the record is (1) "exempt under [S]ection 708 [of the RTKL]," (2) "protected by a privilege," or (3) "exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." 65 P.S. § 67.305(a). "Because the RTKL 'is remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions, the exemptions from disclosure must be narrowly construed.'" *McGowan*, 103 A.3d at 380 (quoting *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 824 (Pa. Cmwth. 2010) (en banc), *aff'd*, 75 A.3d 453 (Pa. 2013)). "The burden of proving that a record of a . . . local agency is exempt from public access shall be in the . . . local agency receiving a request by a preponderance of the evidence." 67 P.S. § 67.708(a)(1). Preponderance of the evidence is "tantamount to a 'more likely than not' inquiry." *Cent. Dauphin*, 286 A.3d at 741 (quoting *Popowsky v. Pa. Pub. Util. Comm'n*, 937 A.2d 1040, 1055 n.18 (Pa. 2007)).

---

*Phila. Dist. Att'y's Off.*, 311 A.3d 1230, 1236 n.8 (Pa. Cmwlth. 2024) (citing *Kaplin v. Lower Merion Township*, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011)). "The scope of review for a question of law under the [RTKL] is plenary." *In re Melamed*, 287 A.3d 491, 497 n.11 (Pa. Cmwlth. 2022) (quoting *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019)).

## A. *The RTKL and FERPA*

First, Appellant argues the trial court erred by not deferring to Appellant's obligation to ensure the removal of all PII as required by FERPA when it rejected Appellant's claim that the identity of a student and/or parent is discoverable even when redacted from the CCR Forms. Appellant maintains that the identity of a student and/or parent is discoverable even after the CCR Forms are redacted in accordance with OOR's Final Determination because the remaining unredacted information contains parent handwriting. Because "almost all parents/guardians complete the forms by hand" and "[h]andwriting is an identifying characteristic open for all to see," Appellant asserts that it cannot disclose the CCR Forms even with redactions as it would violate FERPA. (Appellant's Brief (Br.) at 19.)

The Pennsylvania Supreme Court's decision in *Central Dauphin* is instructive where, as in the instant case, a RTKL request implicates FERPA. In *Central Dauphin*, a requester submitted a RTKL request to Central Dauphin School District (School District), seeking a copy of a surveillance video that captured an incident between a student and parent. 286 A.3d at 729. The School District denied the RTKL request, arguing that the video was an education record containing student PII and, thus, FERPA protected and the RTKL precluded disclosure of the video. *Id.* In affirming our Court's decision, the Supreme Court concluded that the School District did not meet its burden to prove that the video, as an education record, is exempt from disclosure under FERPA or the RTKL. *Id.* at 742. The Supreme Court explained that "FERPA, together with its regulations, . . . 'affords parents the right to have access to their children's education records, the right to seek to have the records amended, and the right to have some control over the disclosure of [PII] from education records.'" *Id.* at 741 (emphasis removed) (citation omitted). However,

8

an "inspection of the federal law's access and nondisclosure requirements reveals the critical exemption from disclosure under FERPA is not the entire category of education records, . . . but rather the student's [PII]." *Id.* (citing *Easton Area Sch. Dist.*, 232 A.3d at 728-31); *see also* 34 C.F.R. § 99.31(b)(1) ("An educational agency . . . may release the records or information without the consent required by [34 C.F.R.] § 99.30 after the removal of all [PII] provided that the educational agency . . . has made a reasonable determination that a student's identity is not personally identifiable . . . ."). Therefore, our Supreme Court held that "as with any other record in a local agency's possession, education records in a [local agency's] possession are presumed public, and the [agency] had the burden to prove it was exempt from disclosure by a preponderance of the evidence." *Cent. Dauphin*, 286 A.3d at 742. Further, "where an education record, as defined and regulated under FERPA, is presumed to be public rather than categorically exempt, and not proven otherwise under the circumstances of a request, 'but contains information that is not subject to access, the agency may discharge its duty by providing redacted records' under Section 706 of the RTKL[, 65 P.S. § 67.706]."[7] *Id.* (citing *Dep't of Labor and Indus. v. Simpson*, 151 A.3d 678, 682 (Pa. Cmwlth. 2016), and 65 P.S. § 67.706).

---

[7] Section 706 of the RTKL states:

> If an agency determines that a public record, legislative record or financial record contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted. Information which an agency redacts in

**(Footnote continued on next page…)**

9

Here, it is undisputed that the CCR Forms are education records under FERPA. *See* 20 U.S.C. § 1232g(a)(4)(A); 34 C.F.R. § 99.3.[8] Additionally, although Appellant disagrees with the Supreme Court's decision in *Central Dauphin*, Appellant does not contest the Court's holding that "education records in a public school's possession are presumed public under the RTKL, and the school bears the burden to prove a record is exempt from disclosure." (Appellant's Br. at 13 (citing *Cent. Dauphin*, 286 A.3d at 742).) However, Appellant contends that "these determinations [under FERPA and the RTKL] involve context-specific, case-by-case, fact sensitive examinations, which turn on reasonableness—that is, whether the [local agency] 'has made a reasonable determination that a student's identity is not personally identifiable' when 'taking into account other reasonably available information.'" (*Id.* (emphasis removed) (quoting *Cent. Dauphin*, 286 A.3d at 744).) In the context of the instant case, Appellant maintains that it met its burden to prove the CCR Forms are exempt from disclosure under FERPA and the RTKL because parent handwriting constitutes PII under FERPA regulations and the handwriting cannot be redacted from the CCR Forms while providing the requested information.

Under FERPA regulations, PII "includes, but is not limited to[:]"

(a) The student's name;

---

accordance with this subsection shall be deemed a denial under Chapter 9[, Sections 901-905 of the RTKL, 65 P.S. §§ 67.901-67.905].

65 P.S. § 67.706.

[8] Under FERPA, "the term 'education records' means . . . those records, files, documents, and other material which[:]  (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution."  20 U.S.C. § 1232(g)(a)(4)(A).  Likewise, FERPA regulations define "education records" as "those records that are:  (1) Directly related to a student; and (2) Maintained by an educational agency or institution or by a party acting for the agency or institution."  34 C.F.R. § 99.3.

(b) The name of the student's parent or other family member;

(c) The address of the student or student's family;

(d) A personal identifier, such as the student's social security number, student number, or biometric records;

(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3. Additionally, "biometric record, as used in the definition of PII, means a record of one or more measurable biological or behavioral characteristics that can be used for automated recognition of an individual. Examples include fingerprints; retina and iris patterns; voiceprints; DNA sequences; facial characteristics; and handwriting." *Id.* As Appellant admits, the plain language of the FERPA regulations states that only student handwriting constitutes PII. *Id.* Nevertheless, Appellant maintains that the inclusion of "handwriting" in the definition of PII "supports a determination that handwriting is an identifying characteristic," such that parent handwriting constitutes PII under subsection (f) because it is "[o]ther information that, alone or in combination, is linked or linkable to a specific student." (Appellant's Br. at 19 (quoting 34 C.F.R. § 99.3(f)).)

We acknowledge that "the circumstances are key" and "these determinations involve context-specific, case-by-case, fact-sensitive examinations." *Cent.*

11

*Dauphin*, 286 A.3d at 744. Under these circumstances, however, Appellant did not meet its burden to prove that parent handwriting constitutes PII as defined by FERPA regulations. For starters, Appellant does not address the remaining portion of subsection (f) of the PII definition upon which it relies to reach its conclusion—that is, whether parent handwriting "would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3(f). Although Appellant contends that a student's identity can be easily deciphered from parent handwriting alone, especially in smaller communities, Appellant presents no support in the record or otherwise to reach this conclusion. Moreover, if the United States Department of Education believed parent handwriting constituted PII under FERPA, the Department would not have limited handwriting in the definition of PII to only student handwriting, as evidenced by the Department including other parent information in the definition of PII. *See* 34 C.F.R. § 99.3. Therefore, Appellant did not prove that parent handwriting falls under the definition of PII contained in FERPA regulations.

Appellant further speculates that Requesters will publicly share the information contained in the CCR Forms, which would thus disclose the parent handwriting and lead to the identification of students. As discussed above, Appellant does not provide any evidentiary support for its conclusion that the disclosure of parent handwriting would lead to the identification of students such that parent handwriting constitutes PII under FERPA regulations. Additionally, even if Appellant's concerns regarding Requesters' motives were true, which Requesters deny, "the motive or intent of the requester is not a valid reason for denying a request." *City of Allentown v. Brenan*, 52 A.3d 451, 455 n.8 (Pa. Cmwlth. 2012);

*see also* 65 P.S. § 67.302(b) ("A local agency may not deny a requester access to a public record due to the intended use of the public record by the requester unless otherwise provided by law.").

Accordingly, under these circumstances, we do not construe parent handwriting to constitute PII as defined by FERPA regulations.[9]  Because parent handwriting does not constitute PII under these circumstances and all other PII contained in the CCR Forms can be redacted while still fulfilling the Request, Appellant has not met its burden to prove the CCR Forms are exempt from disclosure under FERPA or the RTKL.  *See Cent. Dauphin*, 286 A.3d at 742.  Thus, Appellant must provide Requesters with the CCR Forms as requested, redacted of any PII in accordance with FERPA regulations and Section 706 of the RTKL.  *See* 34 C.F.R. § 99.31(b)(1) (permitting disclosure of education records if the records are de-identified); 65 P.S. § 67.706 ("The agency may not deny access to the record if the information which is not subject to access is able to be redacted.").

### B. Alternate Format

Second, Appellant argues the trial court erred when it concluded that providing the requested information from the CCR Forms in an alternate format did not adequately respond to the Request.  Again, we disagree.

---

[9] "Given the fact-sensitive nature of determinations under FERPA and the RTKL, we do not foreclose on different circumstances yielding different results." *Cent. Dauphin*, 286 A.3d at 744 n.13.  However, "[s]uch inquiries are properly raised before the factfinder, rather than decided as a matter of law on appeal." *Id.* at 744.  Here, Appellant first raised the argument that parent handwriting constitutes PII under FERPA regulations before the trial court.  Following briefing from the parties, oral argument, and *in camera* review of the CCR Forms, the trial court rejected Appellant's argument and did not construe parent handwriting as constituting PII under FERPA regulations.  We do not believe the trial court erred as a matter of law or abused its discretion in reaching its parent handwriting conclusion; therefore, we will not disturb the trial court's conclusion. *See Gray*, 311 A.3d at 1236 n.8.

Pursuant to Section 701(a) of the RTKL, "[a] record being provided to a requester shall be provided in the medium requested if it exists in that medium; otherwise, it shall be provided in the medium in which it exists." 65 P.S. § 67.701(a). Here, Requesters seek copies of the CCR Forms with certain information remaining unredacted. As evidenced by the trial court's *in camera* review of the CCR Forms, the CCR Forms exist in the medium requested. Thus, Appellant must provide Requesters access to the CCR Forms. *See* 65 P.S. § 67.701(a).

Nevertheless, Appellant argues that it is reasonable for Appellant to provide the requested information from the CCR Forms in an alternate format because it is concerned that Requesters will manipulate the information contained in the CCR Forms to publicly ridicule and shame parents and students. In support, Appellant cites an OOR final determination for the proposition that "if an agency has concerns regarding the alteration or manipulation of information, the agency may provide the information in another format." (Appellant's Br. at 20-21 (citing *Bowling v. Pa. Emergency Mgmt. Agency* (Pa. OOR, No. AP 2009-0128, Apr. 17, 2009), *rev'd on other grounds sub nom.*, *Bowling*, 990 A.2d 813).) Even if the OOR's determination in *Bowling* was binding on this Court, which it is not,[10] it does not support Appellant's argument.

In *Bowling*, a requester sought the electronic Excel version of a spreadsheet from an agency; instead, the agency provided an electronic PDF copy of the requested spreadsheet. Slip op. at 2-3. On appeal to OOR, the requester argued that the requested information exists in the medium he requested (the Excel spreadsheet),

---

[10] *UnitedHealthcare of Pa., Inc. v. Pa. Dep't of Hum. Servs.*, 187 A.3d 1046, 1055 (Pa. Cmwlth. 2018) (citation omitted) ("Even if OOR's decisions were consistent, they are not binding precedent in this Court."); *see also Scott v. Del. Valley Reg'l Plan. Comm'n*, 56 A.3d 40, 44 (Pa. Cmwlth. 2012) (citations omitted) ("[D]ecisions of administrative boards or tribunals have no precedential value on this Court.").

thus Section 701(a) of the RTKL required the agency to provide the Excel version of the spreadsheet and not a PDF copy. *Id.* at 6, 9. OOR disagreed, concluding the agency did not violate the RTKL by providing a PDF copy of the spreadsheet to the requester. *Id.* at 9. The OOR reasoned that the agency provided the spreadsheet in an electronic medium, as requested, and that "there is no requirement to provide records in a manner that would subject them to alteration or manipulation," such as an Excel spreadsheet. *Id.*

The instant case is distinguishable from the OOR's *Bowling* determination. Appellant does not suggest it should be permitted to provide a copy of the CCR Forms such that the information contained within cannot be altered or manipulated. Indeed, Appellant's suggested alternate format is an Excel spreadsheet, (*see* R.R. at 112a, 120a), the exact format OOR concluded is subject to alteration and manipulation in *Bowling*. Rather, Appellant is concerned that Requesters will "manipulate" the CCR Forms to identify parents and students and then publicly ridicule and shame the parents and students for their academic choices. (Appellant's Br. at 21.) While acknowledging that its concern is "perhaps a different type of 'manipulation' than contemplated thus far," Appellant argues that "it is reasonable for [it] to provide the information in an alternative format to protect the information which is not subject to access—which is ultimately student participation in real world learning experiences." (*Id.*) Although this is a laudable goal, providing the requested information in an alternate format is not the appropriate avenue to protect from disclosure information not subject to access; instead, de-identification under FERPA regulations and redaction under Section 706 of the RTKL are the procedures for protecting such information. *See* 34 C.F.R. § 99.31; 65 P.S § 67.706. Moreover, as stated above, "the motive or intent of the requester is not a valid reason for

15

denying a request." *City of Allentown*, 52 A.3d at 455 n.8. Therefore, Appellant must provide the CCR Forms to Requesters in the requested medium, i.e., the CCR Forms themselves. *See* 65 P.S. § 67.701(a).

### C. The Right to Informational Privacy

Finally, Appellant argues the trial court erred by not deferring to Appellant's obligation to balance the interest of the students and their parents in controlling access to the dissemination of PII protected by the right to privacy under the Pennsylvania Constitution. Appellant maintains that parents have a privacy interest in their handwriting because, to the extent a person could identify a parent based on their handwriting, the unredacted portions of the CCR Forms reveal information about the parent's personal choices regarding their child's education and the costs associated therewith. Therefore, Appellant argues that "[t]he risks to the privacy of students and their families when such academic records are divulged [are] a very real concern," especially "in smaller communities where identities can be easily deciphered from the unrestricted publication of original handwritten [CCR] Forms." (Appellant's Br. at 23-24.)

"The right to informational privacy is guaranteed by Article 1, Section 1 of the Pennsylvania Constitution,"[11] and protects an "individual's interest in avoiding disclosure of personal matters." *Pa. State Educ. Ass'n v. Dep't of Cmty. & Econ. Dev.*, 148 A.3d 142, 151, 158 (Pa. 2016) (*PSEA*) (citations omitted). The right to informational privacy under the Pennsylvania Constitution "may not be violated

---

[11] "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. CONST. art. 1, § 1. Our Supreme Court has long explained that "[o]ne of the pursuits of happiness is privacy." *Pa. State Educ. Ass'n v. Dep't of Cmty. & Econ. Dev.*, 148 A.3d 142, 151 (Pa. 2016) (quoting *Commonwealth v. Murray*, 223 A.2d 102, 109 (Pa. 1966)).

unless outweighed by a public interest favoring disclosure." *Id.* at 158. "Before the government may release personal information, it must conduct a balancing test to determine whether the right of informational privacy outweighs the public's interest in dissemination." *Easton Area Sch. Dist.*, 232 A.3d at 733 (citing *PSEA*, 148 A.3d at 144). "It is the obligation of the agency disseminating the requested record to perform the balancing test, unless legislative pronouncements or prior decisions of Pennsylvania courts have already done so." *Id.* (citing *City of Harrisburg v. Prince*, 219 A.3d 602, 619 (Pa. 2019), and *Reese v. Pennsylvanians for Union Reform*, 173 A.3d 1143, 1159 (Pa. 2017)). In applying the *PSEA* balancing test, "the appropriate question is whether the records requested would potentially impair the reputation or personal security of another, and whether that potential impairment outweighs the public interest in the dissemination of the records at issue." *Trib.-Rev. Publ'g Co. v. Bodack*, 961 A.2d 110, 115 (Pa. 2008) (emphasis removed) (quoting *Pa. State Univ. v. State Employees' Ret. Bd.*, 935 A.2d 530, 538 (Pa. 2007)). If these constitutional considerations are not properly considered by the government agency in the first instance through redaction or before the factfinder when challenged, "our mechanism for addressing failures in this regard is merely to remand." *Cent. Dauphin*, 286 A.3d at 744 (citing *Easton Area Sch. Dist.*, 232 A.3d at 732-33).

"'[C]ertain types of information,' . . . by their very nature, implicate privacy concerns and require balancing." *PSEA*, 148 A.3d at 156-57 (citing *Bodack*, 961 A.2d at 115-16). These "certain types of information" include home addresses, private telephone numbers, and social security numbers. *See id.* at 153-55 (discussing cases). In the instant case, Appellant argues that parent handwriting falls within these types of information such that it is protected from disclosure by the right

17

to informational privacy. Under these circumstances, however, we perceive no privacy concerns regarding the disclosure of parent handwriting.

The disclosure of parent handwriting in the unredacted portions of the CCR Forms does not disclose the parent's—or a student's—home address, telephone number, social security number, or the like. Rather, the disclosure of parent handwriting merely exposes an attribute of the parent that is already held out to the public. *See In re Casale*, 517 A.2d 1260, 1264 (Pa. 1986) (quoting *United States v. Mara*, 410 U.S. 19, 21 (1973)) ("[H]andwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in the physical characteristics of a person's script than there is in the tone of his voice."). We acknowledge that under different circumstances, handwriting could implicate a person's right to informational privacy, such as how student handwriting is protected from disclosure by FERPA regulations. *See* 34 C.F.R. §§ 99.3, 99.30; *see also Easton Area Sch. Dist.*, 232 A.3d at 733 (explaining that "legislative pronouncements" can perform the constitutional balancing test). However, as discussed above, Appellant does not prove that parent handwriting is protected from disclosure under a legislative pronouncement, such as FERPA. Nor does Appellant direct this Court to any previous decision of Pennsylvania courts that protects handwriting from disclosure. Therefore, under these circumstances, parent handwriting does not implicate the right to informational privacy under the Pennsylvania Constitution. Additionally, because Appellant addressed these constitutional considerations in the first instance and again before OOR, the trial court, and this Court, we perceive no reason to remand the matter for further balancing. *See Cent. Dauphin*, 286 A.3d at 744-45 (declining to remand because the Supreme Court "perceive[d] no remaining reasonable expectation of a heightened privacy protection from disclosure").

18

## III. CONCLUSION

For the foregoing reasons, the Court affirms the trial court's Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth Charter Academy      :
Charter School,      :
            Appellant      :
     :
         v.      :     No. 217 C.D. 2024
     :
Susan Spicka and Education Voters      :
of PA      :

# O R D E R

    **NOW**, March 11, 2025, the Order of the Court of Common Pleas of Dauphin County, entered in the above-captioned case, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge